IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20651
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN F. BAKER, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-97-CV-1355
H-93-CR-121-2
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John F. Baker, Jr., appeals the denial of his petition for writ of <u>coram</u> <u>nobis</u>. He argues that the indictment was defective and that the Government withheld favorable evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The writ of <u>coram</u> <u>nobis</u> is an "extraordinary remedy," available to a petitioner no longer in custody who seeks to vacate his conviction. <u>United States v. Castro</u>, 26 F.3d 557, 559 (5th Cir. 1994) (citation omitted). To obtain <u>coram</u> <u>nobis</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief, the petitioner must demonstrate (1) that he is suffering civil disabilities as a consequence of the criminal conviction and (2) that the challenged error is of sufficient magnitude to justify the extraordinary relief. Id.; United States v. Marcello, 876 F.2d 1147, 1154 (5th Cir. 1989). The remedy of coram nobis "should issue to correct only errors which result in a complete miscarriage of justice." Marcello, 876 F.2d at 1154 (citation omitted). "An error of 'the most fundamental character' must have occurred and no other remedy may be available." Id. (citation omitted).

Baker has failed to show that the challenged errors are of sufficient magnitude to justify extraordinary relief. The judgment of the district court is AFFIRMED.